ROGERS *v.* FORD.

1 CARRIERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WEIGHT OF EVIDENCE.

In a suit for personal injuries caused by falling down an elevator shaft, where there was evidence to support plaintiff's theory, and the questions at issue were submitted to the jury under proper instructions, the verdict and judgment will not be set aside as against the great weight of the evidence.

2. TRIAL—ARGUMENT OF COUNSEL—NEW TRIAL.

Argument of plaintiff's counsel, invited by argument of opposing counsel, while not to be commended, where the trial judge in his charge to the jury endeavored to correct it, and the amount of the verdict was not excessive, is not sufficient cause for reversal.

3. DAMAGES—CARRIERS—EXCESSIVE VERDICT.

In an action for personal injuries caused by falling down an elevator shaft, causing plaintiff, a police captain, much pain and suffering, and possible permanent injury, a verdict for $2,250 will not be set aside as excessive.

Error to Wayne; Gage, J., presiding. Submitted January 18, 1915. (Docket No. 118.) Decided September 28, 1915.

Case by Andrew J. Rogers against Edward Ford for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Thomas M. Cotter* (*Edward Donnelly,* of counsel), for appellant.

*Richard I. Lawson,* for appellee.

MOORE, J. This is a personal injury case. From a verdict and judgment in favor of the plaintiff in the sum of $2,250, the case is brought here by writ of error.

The appellant asks that the case be reversed for the following reasons:

I. The verdict is contrary to the greater weight of the evidence.

II. The verdict is grossly excessive in amount.

III. There was error in argument of plaintiff's counsel.

IV. Refusal of defendant's fifth request to charge.

V. The overruling of defendant's objection to the question: "Is it a usual thing to operate the elevator when the doors are open?"

VI. Denial of motion for new trial.

The first and sixth of these reasons may be considered together. Plaintiff, on April 5, 1913, went to the Ford Building for the purpose of getting lunch at a restaurant on the second floor. This is a large office building owned by defendant. The plaintiff entered an elevator on the ground floor. The elevator, at the request of the plaintiff and another passenger, stopped at the second floor. The other passenger, a Mr. Wright, who was a witness in the case, got off at the second floor. The plaintiff attempted to follow Mr. Wright from the elevator, and as he was doing so met with the accident resulting in the injuries for which this suit is brought. Before plaintiff succeeded in leaving the elevator, it started upward. It was stopped soon after suddenly, and plaintiff fell upon the second floor of the building. From this point he either rolled or bounded back into the elevator shaft; the doors to the shaft at that floor having reopened, and the elevator having gone about three or four feet above the second floor. The plaintiff grasped the cable that hung beneath the elevator car. The elevator was then lowered to the ground floor, and the plaintiff was released.

It was the plaintiff's theory that the elevator started without notice to him while he was attempting with due care to leave it, that the doors of the elevator were fully opened and the elevator stationary when he at-

tempted to leave it, and that he followed Mr. Wright promptly in leaving the elevator. He gave testimony tending to support this theory.

It was defendant's theory that, after Mr. Wright left the elevator, the plaintiff did not follow him, or move to follow him, or give any indication or desire to leave the elevator, and that the operator thereupon started to close the doors, and while they were closing, and as the elevator started to rise, the plaintiff attempted to get out by thrusting himself between the closing doors, and that he was guilty of contributory negligence in so doing. There was testimony tending to support this theory.

The testimony was not in harmony. The trial judge left these conflicting theories under a fair charge to the jury, with the result already stated. After the verdict a motion was made for a new trial for substantially the same reasons for which a reversal is asked here. In denying the motion the trial judge stated he thought there was an abundance of testimony to justify the verdict. We agree with him.

Should the case be reversed because of the argument of counsel? It is stated in the brief, and was stated on the oral argument, that the argument now criticized was invited by the argument of opposing counsel. The trial judge dealt with part of the argument at the time. In denying the motion for a new trial, he said of it:

"As to the third ground, I was of the opinion at the time of the argument that the counsel for the plaintiff, in his zeal, made statements that he should not have made; but I endeavored to correct them in the charge, and if a slip is made by an attorney in his argument it can be corrected by the cautions and instructions of the judge. I believe that was done in this case."

The argument is not to be commended, but in view of what was done by the trial judge, and the amount of the verdict, we do not think the case should be reversed because of the argument.

This brings us to the remaining question requiring discussion. Should the case be reversed because the verdict is excessive? It is true plaintiff was getting old; but he seems to have been in good health at the time of, and for many years prior to, the accident. He was a captain of the police force. He described in detail the injuries he received and the pain he has suffered and is suffering. One of the doctors described the physical condition of the plaintiff as he found it, and testified:

"In my opinion this injury will have a tendency to shorten the life of the plaintiff. My reason for so stating is that the suffering of this pain tends to shorten a person's life to a certain extent, and the pain is caused by internal organs and the muscles, which is liable to be very serious at any time."

Another physician who saw the plaintiff in the lobby of the Ford Building, and his injuries immediately after the accident, and who saw him later and examined him with care, described *in extenso* the conditions he found, and testified:

"Q. Can you say in your judgment that the injury is not permanent?

"A. No; I cannot. I say in my estimation the injury is permanent. That is all I can say, I can't go beyond that; no one can.

"Q. The injury is permanent?

"A. In my opinion."

There is other testimony of a like character. We find no reversible error.

Judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

This case was originally assigned to the late Justice MCALVAY.